# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MMV CAPITAL PARTNERS, INC., <br> Plaintiff, <br> v. <br> HOTCHALK, INC., et al., <br> Defendants. | Case No. 18-cv-03713-BLF <br><br> **ORDER GRANTING BERTELSMANN DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO SEAL** <br><br> [Re: ECF 26] |

Before the Court is Defendants Bertelsmann Education Services LLC and Bertelsmann, Inc.'s (collectively, "BES") unopposed administrative motion to seal their motion to dismiss and certain exhibits to the declaration filed in support thereof. ECF 26. For the reasons that follow, the motion is GRANTED.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient

to establish that a document, or portions thereof, are sealable." *Id.*

BES seeks to file the following three documents under seal: (1) portions of their Motion to Dismiss, ECF 27; (2) the entirety of Exhibit A to the Declaration of Catherine Moreno in Support of their Motion to Dismiss, ECF 27-4; and (3) the entirety of Exhibit B to the Declaration of Catherine Moreno in Support of its Motion to Dismiss, ECF 27-5.

The two exhibits include sensitive, non-public information related to financial transactions involving BES and Defendant HotChalk, Inc. ("HotChalk"). *See* Mot. at 1, ECF 26; Moreno Decl. ISO Mot. to Seal ¶ 3, ECF 26-1. Exhibit A is an offer of purchase by BES, which contains confidential information concerning HotChalk's financial performance and risks associated with its business. Moreno Decl. ¶ 4. Exhibit B is a confidential letter from HotChalk to its preferred stockholders, containing information concerning HotChalk's debt, the terms of its Series AA financing, and its valuation. *Id.* ¶ 5. Both documents also include other BES and HotChalk financial and business information relating to HotChalk's capital structure, investor investments, financing terms, and confidential disclosures. *Id.* ¶ 6. The portions of the motion to dismiss BES seek to seal describe or quote portions of these exhibits. *Id* ¶ 3.

The Court finds compelling reasons to seal these documents because they contain BES's and HotChalk's confidential financing information. *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 U.S. Dist. LEXIS 45526, at *4-5 (N.D. Cal. Apr. 4, 2016). Release of these private companies' information could harm their competitive standing in future equity raises and financing transactions and could disclose HotChalk's internal business strategies and limitations to HotChalk's detriment. *See* Mot. at 2. Moreover, the proposed redactions to the motion to dismiss are narrowly tailored to exclude only sealable material as required by Civil L.R. 79-5(b).

As such, BES's motion to seal is GRANTED. Because BES has publicly filed a redacted version and filed under seal an unredacted version of the motion to dismiss, and filed under seal unredacted versions of the exhibits, no further action is necessary.

**IT IS SO ORDERED.**

Dated: October 1, 2018

_____
BETH LABSON FREEMAN
United States District Judge