# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MMV CAPITAL PARTNERS, INC., Plaintiff, v. HOTCHALK, INC., et al., Defendants. | Case No. 18-cv-03713-BLF **ORDER GRANTING MOTION TO SEAL** [Re: ECF 40] |

Before the Court is Defendants Bertelsmann Education Services LLC and Bertelsmann, Inc.'s (collectively, "BES") unopposed administrative motion to seal their Reply in support of their Motion to Dismiss. ECF 40. For the reasons that follow, the motion is GRANTED.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

BES seeks to file under seal portions of their Reply in support of their Motion to Dismiss, ECF 41.  Previously, the Court granted BES's motion to file under seal certain exhibits filed in support of their Motion to Dismiss, as well as portions of the Motion itself that quoted or summarized those exhibits.  *See* ECF 34.  Through the present motion, BES seeks to file under seal portions of their Reply that quote or summarize those same exhibits.  For the reasons this Court allowed BES to seal portions of its Motion to Dismiss, the Court finds compelling reasons to seal the requested portions of their Reply, because they contain BES's and HotChalk's confidential financing information.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *4–*5 (N.D. Cal. Apr. 4, 2016).  Release of these private companies' information could harm their competitive standing in future equity raises and financing transactions and could disclose HotChalk's internal business strategies and limitations to HotChalk's detriment.  *See* Mot. at 1; Moreno Decl. ISO Motion to Seal ¶ 3, ECF 40-1.  Moreover, the proposed redactions to the Reply are narrowly tailored to exclude only sealable material as required by Civil L.R. 79-5(b).

As such, BES's motion to seal is GRANTED.  Because BES has publicly filed a redacted version and filed under seal an unredacted version of the Reply, no further action is necessary.

**IT IS SO ORDERED.**

Dated: November 14, 2018

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge